UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARIDAD VALDIVIESO, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0209 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| TORIS SUMBLER, and DARRELL | § | |
| BARRAS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Caridad Valdivieso's Motion to Remand (Doc. No. 6) and Defendants' Emergency Motion to Quash Deposition Notices of Herminio Vargas and Toris Sumber and For Protective Order (Doc. No. 14). Upon considering the motion, all responses thereto, and the applicable law, the Court finds that the motion to remand must be granted and the motion to quash must be granted.

I.  BACKGROUND

This dispute arises from Plaintiff Caridad Valdivieso's employment ("Plaintiff" or "Valdivieso") at Defendant Wal-Mart Stores Texas LLC ("Walmart"). The following allegations are taken from Valdivieso's original petition.

Valdivieso commenced work at Walmart in October 2008 in the maintenance department. Valdivieso was told that she would qualify for medical benefits after one year of continuous work. Valdivieso disclosed to her supervisor Robert Merlin ("Merlin") that she had a pre-existing heart condition. At Merlin's request, Valdivieso submitted several medical certifications confirming her heart condition and recommending that Valdivieso not engage in heavy lifting or

1

participate in overly rigorous activities. Merlin assigned Valdivieso tasks that did not require major physical effort. Valdivieso received verbal praise for the high quality of her work.

In September 2009, as Valdivieso neared her one-year anniversary, her supervisor changed to Defendant Toris Sumbler ("Sumbler"). Sumbler was informed of Valdivieso's medical condition. Sumbler requested a new medical certification from Valdivieso, which she provided. In addition, Sumbler asked Valdivieso to complete a "Request for Accommodation" form. Valdivieso completed and signed this form, stating that she could not lift heavy objects or engage in rigorous activity. In the form, Valdivieso requested an accommodation as a "door guard" in place of her then-current position as "maintenance."

In October 2009, Sumbler called Valdivieso to his office and told her, through a Spanish-speaking coworker, that her request for a door guard position had been approved. Two days later, Sumbler met with Valdivieso again, along with Defendant Barras (an assistant manager), regarding additional paperwork to be completed. Sumbler and Barras explained that the paperwork would help Valdivieso obtain the accommodation requested via the previously-submitted "Request for Accommodation" form. The paperwork presented to Valdivieso during this meeting was written in English. Valdivieso has a low English proficiency. Valdivieso relied on Barras's explanations of the forms to her. According to Barras, the paperwork was only a formality to obtain the accommodation requested in the "Request for Accommodation" form and that Valdivieso would be back to work in two days. Barras and Sumbler told Valdivieso that her new position would be located five minutes away from her current location. In actuality, the paperwork completed by Valdivieso was a request for leave of absence based on medical conditions. Valdivieso returned to work two days later to obtain her new assigned position, but she was turned away. She contacted Sumbler several times about the new position, but Sumbler

always told Valdivieso to speak to the Market Human Resources Manager ("MHRM"). Valdivieso's attempts at contacting the MHRM were unanswered. According to Valdivieso, Walmart's written policy does not require a request for medical leave to be filed in order to request an accommodation.

In December 2009, while still employed by Walmart, Valdivieso filed a Charge of Discrimination with the EEOC alleging discrimination based on disability and national origin (Valdivieso is Hispanic of Cuban origin). In March and May, 2010, Valdivieso filed new Request for Accommodation forms, each of which included the necessary medical certifications and documents. Both new forms were disregarded by Walmart, allegedly in retaliation for Valdivieso's EEOC complaint. Valdivieso has never received any communication from Defendants about her accommodation or the medical leave she inadvertently requested, nor has she been allowed to return to work.

After receiving her right to sue letter from the EEOC, Valdivieso filed suit in state court against Defendants for claims of: (1) unlawful discrimination based on disability; (2) retaliation; (3) lack of due process; (4) intentional infliction of emotional distress; (5) fraud, misrepresentation, and obstruction; and (6) gross negligence. Walmart removed the case to this Court. Plaintiff has filed a motion to remand the case to state court. The motion has been briefed and is ripe for disposition.

## II. MOTION TO REMAND

### A. Legal Standard

The removal statute, 28 U.S.C. § 1441(a), provides:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3

Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2) (2005). The party that seeks removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). Courts must strictly construe removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

Under the fraudulent joinder doctrine, "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined non-diverse and/or in-state defendant." *Salazar v. Allsate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). To establish fraudulent or improper joinder, the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts, or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). The defendant must demonstrate that there is no possibility of recovery by the plaintiff against the non-diverse defendant, that is, that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the non-diverse defendant. *Id.* at 573 (citations omitted). A court may resolve this issue in one of two ways: by conducting a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine whether it states a claim under state law against the non-diverse defendant, or by piercing the pleadings and conducting a summary judgment-type inquiry. *Id.* Ordinarily, if a plaintiff can survive a 12(b)(6)-type challenge, there is no improper joinder. *Id.* When determining whether a party has been improperly joined, all factual allegations must be evaluated "in the light most favorable to

4

the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. Tex. 1995). "[T]he burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

Thus, in order to defeat Valdivieso's Motion to Remand, Defendants must show that Valdivieso has no possibility of recovery against Defendants Sumbler and Barras, the purportedly non-diverse defendants.

### B. Analysis

The parties in this case do not appear to dispute that the jurisdictional minimum has been met, or that Valdivieso, Sumbler, and Barras are all Texas residents. Rather, Defendants argue that Sumbler and Barras are improperly joined because all of Plaintiff's claims against them fail as a matter of law. Plaintiff has responded only as to whether there is a reasonable probability that her claims of fraud and misrepresentation will lie against Defendants Sumbler and Barras in state court. We begin our analysis with these claims.

Valdivieso claims that Defendants, including Sumbler and Barras, committed fraud, misrepresentation and obstruction. Specifically, Valdivieso alleges that Sumbler and Barras deceived her when they misrepresented that the paperwork she signed during her October 2008 meeting with them was required to obtain an accommodation and that she had received an accommodation as a door guard in a different store. In fact, Valdivieso signed a request for medical leave. Sumbler and Barras allegedly knew that there was no opportunity to provide Valdivieso with her requested accommodation, because no position existed, and that a request for medical leave form was unncessary. Sumbler and Barras deprived Valdivieso of her employment and her ability to earn wages.

5

The elements of a fraud claim are: (1) defendant made a misrepresentation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when defendant made the misrepresentation, the defendant (a) knew the representation was false, or (b) made the representation recklessly, as a positive assertion, and without knowledge of is truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Exxon Corp. v. Emerald Oil & Gas Co.*, -- S.W.3d --, 2011 Tex. LEXIS 250, *59-*60 (Tex. 2011); *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009).

With respect to the first, second, and third elements, Valdivieso alleges in her original petition that Sumbler and Barras made a misrepresentation when they told her that she needed to complete the request for medical leave form in order to obtain an accommodation of her disability. In addition, Sumbler and Barras misrepresented that her accommodation—in the form of a door guard position at a new store five minutes away and beginning in two days—had been approved. These representations were material because they induced Valdivieso into signing the request for medical leave form. *See Citizens Nat'l Bank v. Allen Rae Invs.*, 142 S.W.3d 459, 478-79 (Tex. App.—Forth Worth 2004, no pet.) (false mispresentation is material if it is important to plaintiff in making a decision). The misrepresentations were false because Walmart's policy does not require a request for a medical leave form to be completed in order to obtain an accommodation of a disability and there was no door guard position available to accommodate Valdivieso's disability. *See Custom Leasing, Inc. v. Texas Bank & Trust Co.*, 516 S.W.2d 138, 142 (Tex. 1974) (false representation consists of words or other conduct that suggests to plaintiff

that a fact is true when it is not). We find that Valdivieso's original petition states sufficient facts to allege the first three elements of a fraud claim.[1]

With respect to the fourth element, the original petition alleges that Barras and Sumbler knew that their misrepresentations to Valdivieso were false at the time the misrepresentations were made. Specifically, Valdivieso alleges that Barras explained that the form she was signing was a request for accommodation and did not state that it was a request for medical leave. Since the form would have been titled as a request for medical leave, Barras would have known that his representation that the form was a request for accommodation was false. Sumbler too would have known that this representation to Valdivieso was, in fact, false. As for Sumbler's and Barras's representations about the need for a request for medical leave and the availability of a door guard position, Valdivieso alleges that Barras and Sumbler knew these were false at the time because they, in fact, intended to deprive Valdivieso of her medical benefits, which would have vested after one year of continuous work. Such circumstantial evidence of intent is acceptable to prove that Barras and Sumbler possessed scienter. *See Johnson & Higgins*, 926 S.W.3d 507, 526 (Tex. 1998). We find that the original petition states sufficient facts to allege that Barras and Sumbler knew that their misrepresentations were false at the time that they were made.

With respect to the fifth element, the original petition alleges that Barras and Sumbler made their misrepresentations with the intent that Valdivieso rely on them. Specifically, Barras and Sumbler misrepresented the request for medical leave form and the availability of the door

---

[1] Valdivieso, Barras, and Sumbler have all filed affidavits providing facts in addition to those contained in Valdivieso's original petition. We decline to take into consideration the facts provided in these affidavits because this motion to remand can be resolved on the basis of a Rule 12(b)(6)-type analysis. There is no need to pierce the pleadings and conduct a summary judgment-type inquiry. Even if we were to pierce the pleadings and conduct the summary-judgment inquiry, application of a summary judgment standard would not change our resolution of these issues. All of the facts contested by Sumbler and Barras—including whether specific statements were made to Valdivieso, and the content of Walmart's policies—must be resolved in favor of Valdivieso. *See Burden*, 60 F.3d at 216.

guard position in order to convince Valdivieso to sign the request for medical leave form. Knowing that Valdivieso was limited in her understanding of English, Barras's and Sumbler's description of the request for medical leave were made intending for Valdivieso to rely on their incorrect representation regarding its content. As a result of signing the request for medical leave form, Valdivieso gave up her position in the maintenance department and interrupted the almost full year of work she had accumulated towards medical coverage. She has been unable to return to work at Walmart. Valdivieso's obvious economic losses as a result of signing the request for medical leave form, combined with Barras's and Sumbler's intent to have Valdivieso sign the form sufficiently establish this element of a fraud claim. *See Ernst & Young, LLP v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 580 (Tex. 2001).

With respect to the sixth element, Valdivieso alleges in her original petition that she relied on Barras's and Sumbler's representations regarding the request for medical leave form and the availability of the door guard position. As a result of her reliance, Valdivieso signed the request for medical leave form. *Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 930 (Tex. 1995).

Defendants make several challenges to Valdivieso's reliance on Barra's and Sumbler's representations. First, Defendants claim that Valdivieso's reliance on the misrepresentations were unjustified because she possessed a duty to inquiry into the facts surrounding the request for medical leave form, and if she had done so, she would have realized the true nature of the form. In measuring the justifiability of a plaintiff's reliance, a court must inquire whether, "given a fraud plaintiff's individual characteristics, abilities, and appreciation of facts and circumstances at or before the time of the alleged fraud[,] it is extremely unlikely that there is actual reliance on the plaintiff's part." *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923

(Tex. 2010). Although "failure to use due diligence to suspect or discover someone's fraud will not act to bar the defense of fraud to the contract," *see Koral Industries v. Security-Connecticut Life Ins. Co.*, 802 S.W.2d 650, 651 (Tex. 1990), "a person may not justifiably rely on a representation if there are 'red flags' indicating such reliance is unwarranted." *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010). Here, Valdivieso was a relatively new employee with Walmart. She spoke mainly Spanish, not English. Her interactions with her prior supervisor had indicated that all she must do to secure an accommodation of her disability was provide a medical certification and follow her supervisor's directions. Though the request for medical leave form was entitled as such, Valdivieso's reliance on Barras's and Sumbler's misrepresentations regarding the content and purpose of the form was justified given her level of English proficiency and her prior experiences requesting disability accommodations from Walmart.

Second, Defendants claim that Valdivieso should not have relied on Barras's and Sumbler's representations regarding the availability of a door guard position because Barras and Sumbler did not have any knowledge of job openings and all decisions regarding requests for accommodation were made by the MHRM. Again, we believe that Valdivieso's limited work experience at Walmart and her history of being able to obtain accommodations directly from her supervisor justifies her reliance on Barras's and Sumbler's misrepresentations.

Third, Defendants claim that Valdivieso cannot show reliance on representations regarding continued employment in a situation where an employee is at-will. Defendants cite several Texas cases that stand for the principle that an "at will" employee is barred from bringing a cause of action for fraud against his employer based upon the employer's decision to discharge the employee. *Cahak v. Rehab Care Group, Inc.*, 2008 Tex. App. LEXIS 6011, *7 (Tex. App.--

Waco Aug. 6, 2008); *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 381 (Tex. App.--Houston 2007); *Brown v. Swett & Crawford of Tex., Inc.*, 178 S.W.3d 373, 379-380 (Tex. App.--Houston 2005). In these cases, the plaintiff alleged that the defendant had promised continued employment or had promised to hire the plaintiff. However, because the plaintiff was an at-will employee and did not have a binding employment agreement in place, the courts held that plaintiff could not have relied on any such promise to continue or initiate an at-will employment relationship. Here, however, Valdivieso does not allege that Barras and Sumbler promised that her employment would continue with Walmart or that she would be hired for a new position. Rather, Sumbler and Barras misrepresented that a particular form or process had to be completed in order to obtain an accommodation for Valdivieso's disability. In addition, Sumbler and Barras misrepresented that an accommodation had already been granted. The accommodation here happened to take the form of a new position as door guard, but it is not the availability of the new position upon which Valdivieso relied, but rather upon the promise that her accommodation had been granted. Valdivieso's alleged at-will employment with Walmart does not alter whether she was justified in relying upon Defendants' promise—indeed, legal obligation—to accommodate her disability.

With respect to the seventh and final element, Plaintiff alleges in her original petition that she has suffered injury in the form of never being provided her requested accommodation, never being allowed to return to work, and having lost wages. We find that these types of injuries are sufficient to establish the element of injury to the plaintiff.

In sum, we cannot find that there is no possibility of recovery by Valdivieso against Defendants Barras and Sumbler on her fraud and misrepresentation claim. We need not analyze Valdivieso's possibility of recover on her other claims against Defendants Barras and Sumbler

because we find that Valdivieso has a possibility of recovery on at least one of her claims. Therefore, Defendant Walmart has not met its heavy burden of establishing that Defendants Sumbler and Barras have been improperly joined. Complete diversity does not exist and this Court lacks jurisdiction. Remand is therefore appropriate.

### III. REQUEST FOR ATTORNEYS' FEES

Plaintiffs have requested that the Court order Allstate to pay costs, expenses and attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). The plain language of the statute makes clear that such an award is discretionary. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5 Cir. 1997). In determining whether an award of costs and attorney's fees is appropriate, courts should focus on the legal propriety of removal, not motive. *Id.* The propriety of the removing party's actions is examined based on an "objective view of the legal and factual elements in each particular case." *Valdes*, 199 F.3d at 293. Further, the objective merits of removal must be evaluated "at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Id.*

Defendant Walmart, in its Notice of Removal, claims that Barras and Sumbler had been improperly joined because Valdivieso did not have a reasonable basis for recovery against them in state court. Walmart raised several arguments regarding the various claims asserted against Barras and Sumbler by Valdivieso. Although we need not address the merit of each of those arguments, we note that they are not frivolous. Therefore, although this Court has determined that removal is improper, Walmart's filing of the Notice of Removal was not improper. Therefore, the Court denies the Plaintiffs' request for costs and expenses, including attorney's fees.

## IV. MOTION TO QUASH

Defendants have moved to quash the notices of deposition issued by Valdivieso for Defendant Sumbler and Herminio Vargas, an employee of Walmart. Considering our decision to remand this case to state court, we will grant Defendants' motion to quash. The parties may litigate this discovery issue in state court.

## V. CONCLUSION

Plaintiff's Motion to Remand (Doc. No. 6) is **GRANTED**. Defendants' Emergency Motion to Quash Deposition Notices of Herminio Vargas and Toris Sumbler and for Protective Order (Doc. No. 14) is **GRANTED**. This action is hereby **REMANDED** to the 125th District of Harris County, Texas.

**IT IS SO ORDERED.**

**SIGNED** this 4th day of May, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE